UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| RAYSHOUN JACKSON, | ) | CASE NO.  1:07 CV 1622 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Respondent. | ) | |


On June 1, 2007, pro se petitioner Rayshoun Jackson filed the above-captioned petition pursuant to 28 U.S.C. § 2241.  Mr. Jackson, who is confined at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton), brings this action against the Federal Bureau of Prisons (BOP).  Petitioner asserts that the respondent's policy of limiting placement in a Community Corrections Center (CCC) to 10 % of a prisoner's sentence is invalid as a matter of law.  He seeks an order from this court enjoining respondent from applying its policy to him.

*Background*

Mr. Jackson was named in a one count indictment filed in this court on September 29, 2004. See United States v. Jackson, No. 1:04cr0500 (N.D. Ohio 2004) (Adams, J.) He pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(A). Judge Adams sentenced petitioner to 46 months imprisonment, followed by 36 months of supervised release.  He was committed to the

custody of the BOP on August 24, 2005.

While serving his prison term at F.C.I. Elkton, Mr. Jackson requested a copy of his Sentence Monitoring Computation Data sheet on May 17, 2007.  A copy of the attached sheet indicates that his "pre-release preparation" date is scheduled for July 30, 2008.  Including all accrued good credit time, Mr. Jackson's projected release date is November 28, 2008.  He claims he verbally requested "more than the ten percent pre-release preparation date that was on his Computation sheet."  He claims that "due to the BOP's current interpretation of the statutes, that was all that could be allowed."

Petitioner believes he has a statutory right to an individual assessment of his eligibility for placement in a C.C.C.  Moreover, he argues that the BOP "does not have discretion to create a categorical rule that precludes consideration of the factors set forth in § 3621(b)" (Pet. at 1.)  He maintains that the BOP "violated its statutory command" when it imposed its regulation limiting a C.C.C. placement for the service of the last months of a prisoner's sentence to a length of time not to exceed 10 percent of the prisoner's sentence.  See 28 C.F.R. § 570.20-21.

Petitioner believes that the BOP arrived at his pre-release preparation date by applying 28 C.F.R. § 570.20-21, which limits a C.C.C. placement for the service of the last months of a prisoner's sentence to a length of time not to exceed 10 percent of the prisoner's sentence. He maintains that if the BOP made its determination using the relevant statutes, 28 U.S.C. §§ 3621(b) and 3624(c), and not the 10% rule contained in the regulations, he would be able to be placed at a C.C.C. for a longer period of time.

In the instant petition, Mr. Jackson asserts (1) that the BOP does not have discretion to create a rule "precluding consideration of 28 U.S.C. § 3621(b) Mandatory Factors" (Pet. at 1), and

the BOP violated 18 U.S.C. § 3621 when it "acted beyond the scope of its authority in violation of the APA [Administrative Procedures Act ]."  He seeks injunctive relief from this court enjoining the BOP from applying its 10% rule, as set forth in 28 C.F.R. § 570.20-21, to his sentence.

*28 U.S.C. §2241 Petitions*

Prisoners who seek relief under 28 U.S.C. § 2241 are ordinarily required to exhaust administrative remedies before filing a habeas action in district court. Little v. Hopkins, 638 F.2d 953, 953-954 (6th  Cir.1981) (per curiam); United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir.1996)); Sesi v. United States Bureau of Prisons, 238 F.3d 423, 2000 WL 1827950 (6th Cir. Dec. 7, 2000) (a federal prisoner must first exhaust his available administrative remedies before filing a § 2241 petition); United States v. Oglesby, No. 02-3143, 2002 WL 31770320, at *2 (6th Cir.  Dec. 9, 2002) (citing United States v. Wilson, 503 U.S. 329, 335 (1992)).

Here, petitioner argues that exhaustion is not a statutory requirement under the Prisoner Litigation Reform Act ("PLRA"), but a judicially created requirement for § 2241 petitions, which may be waived by the court if it finds that exhaustion is futile.   It is his contention that exhaustion would be a futile and that his need for "immediate judicial review outweighs any government interest in efficiency." (Pet. at (i).)   Citing Colton v. Ashcroft, 299 F. Supp. 2d 681 (E.D. Ky. 2004), Mr. Jackson concludes that "exhaustion of remedies does not apply to habeas petitions."  (Pet. at (i).)

There is no dispute that exhaustion is a judicially created requirement, see Davis v. Keohane, 835 F.2d 1147 (6th Cir. 1987), that  may be waived, Manakee Professional Medical Transfer Service, Inc. v. Shalala, 71 F.3d 574 (6th Cir.1995).  No relevant case law exists, however, to support petitioner's assertion that exhaustion does not apply to habeas petitions. The Colton court

3

held that the *PLRA* exhaustion requirement does not apply to 28 U.S.C. § 2241 writs of habeas corpus.  What <u>Colton</u> also held, and what Mr. Jackson ignores, is that "federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241." <u>Colton</u>, 299 F. Supp. 2d at 690; <u>see also</u> <u>Little,</u> 638 F.2d at  953-954.  In highlighting this judicially imposed non-statutory exhaustion requirement, the <u>Colton</u> court noted that there are BOP administrative remedies available for a federal prisoner seeking to bring a 28 U.S.C. § 2241 petition, as set forth in 28 C.F.R. §§ 542.10.16.

Section 542.13(a) of the Code of Federal Regulations requires that an inmate first informally present his complaint to the staff (BP-8 form) before filing a formal request for an administrative remedy.  If the inmate cannot informally resolve his complaint with staff, then he may submit the formal written complaint (BP-9) to the warden. An inmate who is not satisfied with the warden's response may submit an appeal (BP-10) to the appropriate regional director within 20 calendar days of the date the warden signed the response; and finally, if dissatisfied with the response of the regional director, then he may submit an appeal (BP-11) to the office of the BOP's General Counsel.[1]

It is only when there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider" that the resort to administrative remedies is considered futile.  <u>James v. United States Dept. of Health and Human Services</u>, 824 F.2d 1132, 1139 (D.C. Cir.1987). It is

---

[1] The BOP's response times are established in 28 C.F.R. § 542.18, which provides that once the inmate has filed the proper form, "response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by  the General Counsel within 40 calendar days." 28 C.F.R. § 542.10-16.

only at that point where a § 2241 petitioner may waive further exhaustion in the face of futility. Aron v. LaManna, No. 00-3834, 2001 WL 128349 (6th Cir. Feb. 6, 2001) (citing See McKart v. United States, 395 U.S. 185, 200(1969)) ("petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply"); Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982)).

Mr. Jackson has not made any attempt to exhaust his administrative remedies. Instead, he claims that the BOP has consistently followed its regulations "despite fairly consistant [sic] rejection by (4) four Court[s] of Appeals to date and numerous district courts." (Pet. at (i).) He believes that because of the BOP's "strong position on the issue, combined with its unwillingness to reconsider, this court should find that petitioner's resort to administrative remedies would be futile." (Pet. at (i).) This generic assessment does not illustrate (1) the merits of his particular position or (2) that the BOP's interpretation of the statute is the solitary reason for its alleged failure to provide additional time for his placement in a C.C.C.

Because Mr. Jackson has not availed himself of the exhaustion process this court has no indication why the BOP would have denied his request for additional time in a C.C.C., or upon what basis it allegedly decided to establish July 30, 2008 as his pre-release date. One of the reasons for the exhaustion of administrative remedies requirement is to prepare a record for the court. See Brice v. Day, 604 F.2d 664 (10th Cir.), cert. denied, 444 U.S. 1086 (1980). Mr. Jackson has presented no record at all and has not indicated why he is entitled to spend more time in a C.C.C. than the BOP has provided.

Mr. Jackson has not framed an argument that would support a finding that exhaustion is futile in his case. The Tenth Circuit and the Eighth Circuit opinions to which he refers are not

5

controlling and while there has been a published opinion in the Sixth Circuit regarding the 10% rule, Dismas-Charities, Inc. v. United States Department of Justice, 401 F.3d 666, 668 (6th Cir.2005), it did not address the propriety of the BOP's interpretation of the statute.[2]

Based on the foregoing, this petition is dismissed without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED

/S/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT COURT

July 31, 2007

---

[2]The ultimate decision in Dismas-Charities was not based on an interpretation of 18 U.S.C. §§ 3621(b) or 3624(c) or any analysis of the current regulations' validity. The court's disposition turned on its conclusions that the plaintiff who had brought the action lacked standing and that the BOP could use the new rule as an interpretation of the statutes without the new rule's being formally promulgated under the Administrative Procedures Act.